Kevin P. Rooney, #107554
Of Counsel, HAMMERSCHMIDT LAW CORPORATION
2445 Capitol Street, Suite 150
Fresno, CA  93721
Tel: (559) 233-5333
Fax: (559) 233-4333

Attorney for Defendant, CARSON SHANE WILHITE

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CARSON SHANE WILHITE,<br><br>　　　　Defendant. | Case No.: 1:20 CR 106 JLT/SKO<br><br>NOTICE OF REQUEST TO FILE UNDER SEAL A PSYCHIATRIST'S REPORT RELEVANT TO SENTENCING AND ORDER<br><br>Sentencing Date: January 13, 2023<br>Time: 9:00 a.m.<br>Hon. Jennifer L. Thurston |

　　　　Mr. Wilhite, by and through undersigned counsel, hereby requests to file a document relevant to sentencing, specifically a psychiatrist's report regarding Mr. Wilhite, under seal. This sealing request is made to preserve the privacy rights of Mr. Wilhite with regrd to the general public. The psychiatrist's report was provided to the prosecutor during plea negotiations negotiations and to the Probation Officer while he was preparing his report.

　　　　The report details Mr. Wilhite's mental health conditions and necessarily reveals intimate and personal information. The sealing request is intended to prevent public dissemination of the documents. The defense has no objection to the government reviewing and using the report in this matter.

1

Under the First Amendment, the public and press have a presumed right of access to court proceedings and documents in a criminal case that can be rebutted only on a finding "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Court of California, Riverside Cty. ("Press-Enter. Co. I")*, 464 U.S. 501, 510 (1984); *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 605 (1982). In determining whether a right to access exists under the First Amendment, the court is to consider whether the type of hearing has historically been open to the public and whether public access would further understanding of the criminal justice system. " *Press-Enter. Co. v. Superior Court of California for Riverside Cty. ("Press-Enter. Co. II")*, 478 U.S. 1, 8 (1986). The Ninth Circuit "has held that in general the public and the press have a qualified first amendment right of access to pretrial hearings and documents." *Seattle Times Co. v. U.S. Dist. Court for W. Dist. of Washington*, 845 F.2d 1513, 1515 (9th Cir. 1988). The Ninth Circuit has held that "the press and public have a right of access to pretrial release proceedings and documents filed therein." *Seattle Times Co.*, 845 F.2d at 1517. Therefore, a presumed right of access by the public exists to the documents sought to be sealed in this instance.

      Documents in a criminal matter may be closed to the public only if "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *The Oregonian Publishing Company, v. U.S. District Court for the District of Oregon*, 920 F.2d 1462, (9th Cir. 1990).

The psychiatrist's report to be sealed is so personal and confidential that it meets the compelling interest test.

Dated:  January 5, 2023                             Respectfully submitted,

                                                       /s Kevin Rooney
                                                      KEVIN P. ROONEY
                                                      Attorney for defendant
                                                      CARSON SHANE WILHITE

**ORDER**

Because the report contains private mental health information, the Court **ORDERS** the psychiatrist's report regarding Mr. Wilhite to be filed under seal.

IT IS SO ORDERED.

Dated:  **January 6, 2023**                                    /s/ Jennifer L. Thurston
                                                                        UNITED STATES DISTRICT JUDGE