**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARSON SHANE WILHITE,<br><br>　　　　Defendant. | Case No.: 1:20-cr-00106 JLT SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 111) |

　　　　Carson Shane Wilhite is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the "status points" provision of the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 111.) The Government opposes the motion, contending that Defendant is ineligible for a reduction because he "was not assigned status points in the first instance." (Doc. 114 at 1.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

　　　　On September 30, 2022, pursuant to a written plea agreement, Defendant pled guilty to Possession of a Firearm in Furtherance of Drug Trafficking Crimes, in violation of 18 U.S.C. § 924(c)(1)(a) ("Count One"); and Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) ("Count Two"). (Docs. 84, 85.) Prior to Defendant entering his guilty plea, a "Presentence Investigation Report" ("PSR") was prepared by the probation officer. (Doc. 93.) The PSR indicated a total offense level of 21. (*See* PSR ¶ 41.)

Defendant was assessed 2 criminal history points based on prior convictions, which placed him in criminal history category II, according to the sentencing table at U.S.S.G. Chapter 5, Part A. (PSR ¶¶ 48-50.) Defendant was not assigned status points under the prior § 4A1.1(d). Based on Defendant's offense level and criminal history category, the advisory sentencing guideline range called for a term of imprisonment of 41 to 51 months as to Count Two. (PSR ¶ 94.) Defendant was subject to a 5-year statutory mandatory minimum term of imprisonment on Count One, which must run consecutively to all other counts. (*Id*.)

The Court held a sentencing hearing on January 13, 2023. (Doc. 108.) The Court adopted the findings in the PSR but applied a 2-level reduction in Defendant's offense level after determining that Defendant was a minor participant in the offense. (Statement of Reasons ("SOR") at 1.) This reduced Defendant's offense level to 19, did not change his criminal history score or category, and modified the advisory sentencing guideline range to a term of 33-41 months. (*Id.*) The Court also varied downward under the sentencing factors set forth at 18 U.S.C. § 3553(a)(1) in imposing a sentence on Count Two. (SOR at 3.) Defendant was sentenced to 60 months in custody on Count One and 30 months in custody on Count Two, to be served consecutively for a total term of 90 months. (Doc. 107; Doc. 108 at 2.)

Defendant now asks the Court to reduce his sentence under Part A of Amendment 821 to the U.S. Sentencing Guidelines, which reduces the number of "status points" assigned to certain defendants who committed their offense while under a criminal justice sentence, thereby lowering the impact on the defendant's criminal history. *See* U.S.S.G. § 4A1.1. However, Defendant was not assigned any status points; his criminal history score consisted of criminal history points assigned based on Defendant's prior convictions. (*See* PSR ¶¶ 48-49.) Thus, he does not qualify for a status point adjustment under § 4A1.1. Accordingly, because Amendment 821 does not impact Defendant's sentencing guideline range, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). The Court does not consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 827 (2010).

///

///

Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 111), is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 11, 2025**

_____
UNITED STATES DISTRICT JUDGE